BECKER, APPELLANT, v. NOLD ET AL., APPELLEES.

[Cite as Becker v. Nold (1973), 35 Ohio App. 2d 1.]

(No. 72AP-304—Decided April 3, 1973.)

*Messrs. Wolske & Blue,* for appellant.
*Messrs. Crabbe, Brown, Jones, Potts & Schmidt* and
Mr. *William H. Jones,* for appellees.

REILLY, J. This is an appeal from a decision and judgment of the Court of Common Pleas of Franklin County sustaining the motion of defendants, the appellees herein, for summary judgment.

The case arises from an automobile accident which happened August 30, 1969, at the intersection of Asbury Drive and Canterbury Road, in the city of Upper Arlington,

Ohio. The affidavit of James B. Cook, an occupant in defendant William F. Nold's automobile, alleged that Nold was proceeding south on Asbury Drive at approximately 25 to 30 miles per hour in a lawful and proper manner. H. W. Hyrne, city manager of Upper Arlington, stated in his affidavit that Asbury Drive is a through street and stop signs were duly installed thereon. Plaintiff, in his affidavit, said that he was driving east on Canterbury Road at a speed of 20 to 25 miles per hour in a lawful manner and there was no stop sign requiring eastbound traffic on Canterbury to stop for Asbury traffic. In brief, Asbury was a through street, and ordinarily there would be a stop sign in place, but at the time of this accident the stop sign had been removed. Plaintiff was proceeding upon an ordinarily non-preferred highway, and defendants on a preferred highway. There is nothing in the record to indicate whether plaintiff was aware that ordinarily there would be a stop sign at the intersection. The stop sign was not removed by the Upper Arlington administrative authorities.

The record plainly indicates, however, that the stop sign was down at the time of the accident. We quote from the affidavit of Kenneth Eisenman, the interrogating officer:

"I, Kenneth Eisenman, after being first duly cautioned and sworn, deposes and says that:

"I. Affiant is a police officer of the Upper Arlington Police Department and that affiant investigated an accident which occurred on August 30, 1969, at the intersection of Canterbury Road and Asbury Drive, City of Upper Arlington, County of Franklin.

"II. Asbury Drive is a through street and Canterbury Road is a stop street. The stop sign for eastbound traffic on Canterbury Road was not present when affiant investigated said accident. The pole supporting said stop sign was laying on the ground and the stop sign was missing."

The trial court sustained the motion for summary judgment. Subsequently, this appeal was perfected.

Plaintiff's assignment of error is stated as follows:

"The Trial Court Errored [sic] In Sustaining Defendant's Motion For Summary Judgment Since The De-

fendant Was Not Entitled To Judgment As A Matter Of Law.''

We note, at the outset, Rule 56(C) of the Rules of Civil Procedure, in pertinent part:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. *A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.* * * *''* (Emphasis added.)

This case is distinguishable upon its facts from *Connors v. Dobbs* (1945), 77 Ohio App. 247, cited by defendants in their brief, and cited by the trial court as controlling in its decision. In that case, plaintiff Connors knew he was traveling on a main thoroughfare and he had a right to rely on that knowledge, and upon his preferential right to proceed uninterruptedly across the intersection, until he became aware of defendant's intention not to stop before entering the intersection. Then, he was required to exercise ordinary care not to injure Dobbs. As to Dobbs, the court found: (1) he was charged with knowledge of the designation of the main thoroughfare and, even in the absence of a stop sign, was required to stop, and his failure to do so was negligence; (2) the evidence warranted an inference that Dobbs had actual knowledge of the designation of the thoroughfare and was required to stop; and (3) independent of the statute, the evidence warranted a factual finding of negligence by Dobbs. As to the requirement to stop, the court relied upon G. C. 6310.32, with respect to main thoroughfares, requiring that "legible and

appropriate signs be erected along the roads and highways intersecting such main thoroughfares." Such is no longer the case, such section having been superseded by R. C. 4511.07 which, in pertinent part, provides:

"No ordinance or regulation enacted under division (J) of this section shall be effective until signs giving notice of such local traffic regulations are posted wherever a through highway enters a municipal corporation, and at the entrances to highways or streets leading from freeway exits."

At the time of the *Dobbs* decision, the only requirement of the law was that signs be erected. Under the present law, the ordinance is not effective until signs giving notice of the regulation are posted. The present law is obviously a notice requirement and contemplates that the ordinance shall be effective only when such notice is given. It cannot be said as a matter of law that there is such notice where a previously erected stop sign has been removed. Thus, *Dobbs* is distinguishable because it was determined in part upon alternative factual findings and because of the change in the applicable law.

It is not necessary for a party to check all intersections to determine if he is traveling on a through street. The net effect of such a rule could be to require one to stop at every intersection. It is unreasonable to find that, if a driver is in unfamiliar territory, he must stop to see if a stop sign is about the premises. It is not a per se requirement to stop unless a driver is controlled by a duly erected stop sign. Factually, either plaintiff or defendant, or both, may be negligent for not using ordinary care, which is of course a jury question.

Consequently, for the foregoing reasons, plaintiff's assignment of error is well taken and is sustained. The judgment is reversed and the cause remanded to the trial court for further proceedings in accordance with this decision.

*Judgment reversed.*

Troop, P. J., and Whiteside, J., concur.